**David F. Sugerman**, OSB No. 862984
**Nadia H. Dahab**, OSB No. 125630
SUGERMAN DAHAB
101 SW Main Street Ste. 910
Portland, Oregon 97204
Telephone: (503) 228-6474
Facsimile: (503) 228-2556
david@sugermandahab.com
nadia@sugermandahab.com

*Attorneys for Plaintiff and the Proposed Class*

*(Additional counsel listed on signature page.)*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| KRISTINE REIGER, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>ST. CHARLES HEALTH SYSTEM, INC., an Oregon nonprofit corporation, RAY KLEIN, INC., a foreign corporation,<br><br>  Defendants. | Case No. 6:24-cv-00334<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Unpaid medical bills are a source of financial ruin and the most prevalent debt affecting Americans and many Oregonians. Oregonians collectively carry at least $390 million in medical debt.[1] This burden falls disproportionately on young adults, people of color, and people with low incomes.[2]

Oregon's financial assistance laws are designed to protect low-income Oregonians. However, "42 out of 60 Oregon hospitals gave less financial assistance" after Oregon's new financial assistance law, passed in 2019, went into effect.[3] Unfortunately, Oregon hospitals, like Defendant St. Charles Health System, Inc. ("St. Charles"), fail to comply with these laws; despite determining that a patient qualifies for financial assistance, St. Charles still sends them to debt collectors like Defendant Ray Klein, Inc. dba Professional Credit Service ("Ray Klein"). Ray Klein then sues the individuals financially responsible for the patient's debt in Oregon small claims court, collecting not only the medical debt, but also interest on this debt.

Plaintiff Kristine Reiger is an Oregon patient who qualified for financial assistance. Instead of providing it to her, St. Charles sent her to collections. Ray Klein then sued Ms. Reiger in small claims court, forcing her to pay interest on amounts she did not owe. Ms. Reiger brings this action against Defendants and on behalf of herself and all others similarly situated for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, the

---

[1]    CONSUMER FINANCIAL PROTECTION BUREAU, MEDICAL DEBT BURDEN IN THE UNITED STATES 49 (2022), https://files.consumerfinance.gov/f/documents/cfpb_medical-debt-burden-in-the-united-states_report_2022-03.pdf.
[2]    *Id.* at 3.
[3]    DOLLAR FOR, POINTLESS DEBT 3 (February 2023), https://dollarfor.org/wp-content/uploads/2023/07/PointlessDebt-_OregonReport_DollarFor.pdf.

FIRST AMENDED COMPLAINT - 2

Oregon Unlawful Debt Collection Practices Act (UDCPA), ORS 646.639, and the Oregon Unlawful Trade Practices Act (UTPA), ORS 646.608, *et seq.*

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) because Plaintiff's Fair Debt Collection Practices Act ("FDCPA") claims arise under federal law.

2. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 to resolve Plaintiff's claims arising under Oregon law.

3. This is the proper venue because the events or omissions giving rise to Plaintiff's and the Class's claims occurred in this district. 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff Kristine Reiger is a natural person residing in Bend, Oregon.

5. Defendant St. Charles Health System, Inc. dba St. Charles Bend, St. Charles Redmond, St. Charles Madras, St. Charles Prineville and St. Charles Medical Group, is an Oregon nonprofit with its principal place of business in Bend, Oregon.

6. Defendant Ray Klein, Inc. dba Professional Credit Service is a Washington corporation with its principal place of business in Springfield, Oregon.

## FACTS

**A.    Financial Assistance Laws**

7. In 2019, the Oregon legislature passed House Bill (HB) 3076, which expanded hospital financial assistance requirements by requiring hospitals to provide financial assistance to patients with income up to 400% of the federal poverty guideline and requiring hospitals to make minimum adjustments to patient's costs depending on their income level. ORS 442.614.

8. A patient whose household income up to 200% of the federal poverty guidelines is entitled to 100% bill forgiveness. ORS 442.614(1)(a)(A).

9. A patient whose household income is over 200% of the federal poverty guidelines but not more than 300% of the federal poverty guidelines, is entitled to forgiveness of at least 75% of their bill. ORS 442.614(1)(a)(B).

10. A patient whose household income is over 300% of the federal poverty guidelines but not more than 350% of the federal poverty guidelines, is entitled forgiveness of at least 50% of their bill. ORS 442.614(1)(a)(C).

11. A patient whose household income is over 350% of the federal poverty guidelines and not more than 400% of the federal poverty guidelines, is entitled to forgiveness of at least 25% of their bill. ORS 442.614(1)(a)(D).

12. Hospitals are required to tell their patients financial assistance is available.

13. First, the hospital must provide a copy of the financial assistance policy to any patient upon request. ORS 442.610(3)(a).

14. Second, the hospital must include on "each billing statement notice of: (A) The availability of financial assistance; (B) The contact information for the office or department of the hospital that can provide information about obtaining financial assistance; and (C) The direct Internet address for the financial assistance policy…." ORS 442.610(3)(b).

15. Third, the hospital must post and maintain public displays of the hospital's financial assistance policy in locations that are accessible to the public and would notify and inform the patient about the financial assistance policy. ORS 646A.677(2); ORS 442.610(3)(c).

16. Additionally, hospitals and nonprofit affiliated clinics are required to screen patients to determine if they qualify for financial assistance and provide a copy of its financial

FIRST AMENDED COMPLAINT - 4

assistance policy to the patient along with an application for financial assistance, "[b]efore transferring an unpaid charge for services to a debt collector or referring an unpaid charge for collection." ORS 646A.677(4).

17. A hospital may conduct that screening using commercially available services, software, or online tools. ORS 646A.677(5).

18. If a patient qualifies for financial assistance under ORS 442.614(1)(a)(A), neither a hospital nor a debt collector may charge interest on the patient's medical debt. ORS 646A.677(7).

19. Federal law requires nonprofit hospitals to have in place and enforce a written agreement with debt collectors that is "reasonably designed to ensure" that patients will not be sued for a debt until "reasonable efforts have been made" to learn if the patient is eligible for financial assistance. 26 C.F.R. § 501(r)-6(c)(10).

**B.    St. Charles' Unlawful Practices**

20. St. Charles must comply with the requirements of the financial assistance laws.

21. On May 4, 2022, Ms. Reiger was in a motor vehicle collision and admitted to St. Charles Bend.

22. According to St. Charles, on June 21, 2022, it sent Ms. Reiger a billing statement for $1,104.42 for her May 4, 2022, visit to the emergency department.[4] Ms. Reiger never received the statement.

23. On or around June 30, 2022, Ms. Reiger received a billing statement from St. Charles for $3,410.66 for the same visit to the emergency department.

---

[4]    *See* Declaration of Kristie Crowl in Support of Defendant St. Charles Health System's Motion to Dismiss and Motion for Summary Judgment ("Crowl Decl.") ¶ 20.

FIRST AMENDED COMPLAINT - 5

24.     According to St. Charles, it sent four follow up invoices to Ms. Reiger for the $1,104.42 amount on July 21, August 21, September 20, and October 20, 2022.[5]

25.     St. Charles has a practice of having its vendor, Ameri EBO, LLC (a.k.a. Early Out), call individuals to collect on the unpaid invoices.[6]

26.     According to St. Charles, Early Out placed ten outgoing calls to Ms. Reiger on July 27, August 9, August 15, September 8, September 28, October 5, October 10, October 19, October 26, and November 9, 2022.[7]

27.     Ms. Reiger called and attempted to work out a payment plan with St. Charles, but was never able to reach St. Charles.

28.     St. Charles represents that it will make "[e]very effort…to identify patients who may qualify for FA as early as possible during their episode of care."[8]

29.     St. Charles also represents that it has the ability to run "unpaid balances through scoring technology software, which [can] be used to determine the household Federal Poverty Level."[9]

30.     However, in practice St. Charles attempts to collect the full invoiced amount from an individual before screening for financial assistance.

31.      It was not until, October 22, 2022, that St. Charles utilized its ability to conduct a financial screening of Ms. Reiger.[10]

---

[5]     Crowl Decl. ¶ 21.
[6]     Crowl Decl. ¶ 12.
[7]     Crowl Decl. ¶ 22.
[8]     *Financial Assistance Program – Policy, English (Spanish -8081)*, St. Charles Health System 4, https://www.stcharleshealthcare.org/sites/default/files/Documents/Financial%20Assistance/2024/FAP-Policy-English01302024.pdf.
[9]     *Id.*
[10]    Crowl Decl. ¶ 24, Ex. J.

32. The Financial Assistance Screening and Propensity to Pay report indicated that Ms. Reiger's household income was estimated to be 170% of the FPG.[11]

33. According to St. Charles, on October 23, 2022, it sent Ms. Reiger a Pre-Bad Debt Packet, which included a copy of the financial assistance policy and application.[12]

34. The Pre-Bad Debt Packet provided that "[i]f you are receiving this letter, you or your dependent may be eligible for financial assistance. This letter indicates that your balance is at risk of being referred to a collection agency." It further threatened that "[y]our balance will be referred to a collection agency if a completed application is not received, or payment arrangements are not made with St. Charles within 30 days."

35. St. Charles does not disclose to the patient when it conducted the financial screening, nor does it disclose that it determined that the patient qualified for financial assistance under ORS 442.614(1)(a)(A). St. Charles did not disclose to Ms. Reiger that she had qualified for financial assistance.

36. Furthermore, St. Charles' financial assistance policy adds additional eligibility criteria that are not required under the law. For example, the policy provides that a patient must "[r]eside in the St. Charles primary service area, defined as Deschutes, Crook, and Jefferson counties." This limitation is not an eligibility requirement under the law.

37. Additionally, St. Charles' financial assistance application asks a patient to provide not only income information, but also information relating to assets. This is contrary to guidance issued by the Oregon Health Authority, which states that the "tiers of financial assistance are based on household income only, not assets."

---

[11]   Crowl Decl. ¶ 25, Ex. K.
[12]   Crowl Decl. ¶ 26, Ex. L.

FIRST AMENDED COMPLAINT - 7

38. St. Charles' additional eligibility criteria makes it harder for a patient to receive financial assistance that they plainly qualify for under ORS 442.614(1)(a)(A).

39. On November 21, 2022, St. Charles transferred or referred Ms. Reiger's charges of $1,104.42 to Ray Klein for collection, despite St. Charles' knowledge that Ms. Reiger qualified for 100% financial assistance under ORS 442.614(1)(a)(A).

40. Ray Klein collected interest on Ms. Reiger's unpaid charges.

**C.    Ray Klein's Debt Collection Practices**

41. Ray Klein files lawsuits against patients to collect hospital debt, even when the patient was eligible for financial assistance.

42. Ray Klein is a registered collection agency in Oregon.

43. Ray Klein collects or attempts to collect debts referred to it by St. Charles and regularly collects or attempts to collect alleged debts using instrumentalities of interstate commerce or the mails.

44. Ray Klein collects interest, including pre-judgment interest, and post-judgment interest on patient's medical debt even when they qualify for financial assistance.

45. In or around March 2023, Ms. Reiger received a notice of a small claim filed by Ray Klein for $1,217.35, including Ray Klein's fees and costs. Ray Klein's notice said that pre-judgment interest and post-judgment interest would be added on all claims until paid.

46. Ray Klein's claim stated that it included $5.93 in interest.

47. Ray Klein served Ms. Reiger with a debt collection lawsuit in April 2023.

48. Shortly after, Ray Klein started calling Ms. Reiger. Ray Klein's collection agents pressured Ms. Reiger to set up a payment plan. On August 24, 2023, the court entered a judgment and sent the Notice of Entry of Judgment to Ms. Reiger the next day.

FIRST AMENDED COMPLAINT - 8

49. Ms. Reiger began making payments to Ray Klein in April and continued making monthly payments through November 2023.

50. Ms. Reiger made payments of $140 to Ray Klein from May through September.

51. On September 26, 2023, Ms. Reiger authorized bi-weekly electronic payments of $70 to Ray Klein.

52. Ms. Reiger was eligible for financial assistance.

53. Ms. Reiger's income in 2022 was around $25,240.38.

54. As a result of both Defendants' unlawful conduct, Ms. Reiger lost at least $1,339.18.

## CLASS ALLEGATIONS

55. **Class Definition.** Under Federal Rule of Civil Procedure 23(b)(2) and (b)(3), Plaintiff brings this case as a class action on behalf of the Class defined as follows:

56. **Class:** All Oregon residents (1) listed as financially responsible for St. Charles accounts; (2) whose income was at or below 200% of the federal poverty guidelines in the year they incurred medical charges at St. Charles; (3) whose account St. Charles assigned or placed for collection; and (4) from whom Ray Klein collected or attempted to collect any money on or after February 21, 2022. Plaintiff reserves the right to amend or modify the proposed class definition or add other proposed subclasses based on information obtained after filing of this Complaint.

57. **Numerosity.** On information and belief, there are at least hundreds of people in the proposed Class.

58. **Commonality.** There exist questions of law and fact common to Plaintiff and the proposed Class, including but not limited to:

FIRST AMENDED COMPLAINT - 9

a. Whether St. Charles has a systemic practice of transferring or referring unpaid charges to Ray Klein when a patient qualified for financial assistance in violation of ORS 646A.677(4).

b. Whether St. Charles has a systemic practice of transferring or referring unpaid charges to a debt collector to collect interest on those charges when St. Charles knows that a patient qualifies for financial assistance in violation of ORS 646A.677(7).

c. Whether Ray Klein has a systemic practice of charging interest on medical debt owed by patients who qualified for financial assistance. ORS 646A.677(7).

d. Whether Ray Klein systematically seeks to collect amounts transferred or referred by St. Charles that are not legally due.

e. Whether St. Charles' conduct violates the Oregon UTPA.

f. Whether St. Charles' conduct violates the UDCPA.

g. Whether Ray Klein's conduct violates the FDCPA.

h. Whether Ray Klein's conduct violates the UDCPA.

i. The nature and extent of Class-wide injury and the measure of compensation for such injury.

59. **Typicality.** Plaintiff's claims are typical of the claims of the Class. They arise out of common courses of conduct by Ray Klein and St. Charles and are based on the same legal and remedial theories. Plaintiff and the Class members had their alleged hospital debts transferred or referred to Ray Klein when they qualified for financial assistance and were charged interest on their debts. The practices to which Plaintiff was subjected to are materially identical to the practices St. Charles and Ray Klein utilized with proposed class members.

FIRST AMENDED COMPLAINT - 10

60. **Adequacy of Representation.** Plaintiff is an appropriate representative party for the Class and will fairly and adequately protect the interests of the Class. Plaintiff understands and is willing to undertake the responsibilities of acting in a representative capacity on behalf of the proposed Class. Plaintiff will fairly and adequately protect the interests of the Class and has no interests that directly conflict with the interests of the Class. Plaintiff has retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex and class action litigation, including consumer class actions. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.

61. **Predominance.** St. Charles and Ray Klein have a standard practice of collecting for unpaid charges when a patient qualifies for financial assistance and subsequently initiating debt collection actions against patients on those alleged hospital debts. The common issues arising from this conduct predominate over any individualized issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

62. **Superiority.** Plaintiff and members of the Class have suffered harm and damages as a result of Defendants' unlawful and wrongful conduct. Absent a class action, most Class members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a form for small claimants, and deters illegal activities. The members of the Class are readily identifiable from Defendants' records and there will be no significant difficulty in the management of this case as a class action.

63. **Injunctive Relief.** St. Charles and Ray Klein's conduct is uniform as to all members of the Class. St. Charles and Ray Klein have acted on grounds that apply generally to the Class, so that final injunctive relief or declaratory relief is appropriate with respect to the Class as a whole.

**FIRST CLAIM FOR RELIEF**
**VIOLATIONS OF ORS § 646A.677, VIOLATIONS OF OREGON'S UNLAWFUL DEBT COLLECTION PRACTICES ACT (UDCPA)**
**ORS 646.639**
**(Class against St. Charles)**

64. Plaintiff re-alleges and incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

65. St. Charles is a "hospital" as defined under ORS 646A.677(1)(c) and ORS 442.612.

66. Plaintiff is a "consumer" under the UDCPA, ORS 646.639(1)(b).

67. Plaintiff is a "debtor" under the UDCPA, ORS 646.639(1)(i).

68. St. Charles must screen patients for financial assistance eligibility "[b]efore transferring an unpaid charge for services to a debt collector or referring an unpaid charge for collection." ORS 646A.677(4).

69. If a patient qualifies for financial assistance under ORS 442.614(1)(a)(A), a hospital or debt collector may not charge interest on the patient's medical debt. ORS 646A.677(7).

70. A violation of ORS 646A.677 is an unlawful collection practice as defined under Oregon's UDCPA if the hospital or debt collector knows, or after exercising reasonable diligence would know, that it is in violation of ORS 646A.677. ORS 646A.677(10); ORS 646.639(2)(u).

FIRST AMENDED COMPLAINT - 12

71. St. Charles' debt collection practices as described above violate Oregon state law as follows:

72. St. Charles violated ORS 646A.677(4) by transferring or referring a patient's unpaid charges to a debt collector after determining the patient qualified for financial assistance under ORS 442.614(1)(a)(A).

73. Additionally, St. Charles violated ORS 646A.677(7) by transferring or referring the unpaid charges to Ray Klein after determining that a patient qualified for financial assistance under ORS 442.614(1)(a)(A) because St. Charles knew or after exercising reasonable diligence would have known that Ray Klein would collect interest.

74. As a result of Defendant's willful conduct, Plaintiff and the Class members are entitled to actual damages, punitive damages, and attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
## VIOLATIONS OF ORS § 646A.677, VIOLATIONS OF OREGON'S UNLAWFUL DEBT COLLECTION PRACTICES ACT (UDCPA)
## ORS § 646.639
## (Ray Klein)

75. Plaintiff re-alleges and incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

76. If a patient qualifies for financial assistance under ORS 442.614(1)(a)(A), a hospital or debt collector may not charge interest on the patient's medical debt. ORS 646A.677(7).

77. Plaintiff is a "consumer" under the UDCPA, ORS 646.639(1)(b).

78. Plaintiff is a "debtor" under the UDCPA, ORS 646.639(1)(i).

79. Ray Klein is a "debt collector" as defined under ORS 646A.677(1)(a) and ORS 646.639(1)(h).

FIRST AMENDED COMPLAINT - 13

80. A violation of ORS 646A.677 is an unlawful collection practice as defined under Oregon's UDCPA if the hospital or debt collector knows, or after exercising reasonable diligence would know, it is in violation of ORS 646A.677. ORS 646A.677(10); ORS 646.639(2)(u).

81. Ray Klein violated ORS 646A.677(7) by charging interest on Plaintiff and Class members medical debt when they qualified for financial assistance.

82. Ray Klein knew or after exercising reasonable diligence would have known that Plaintiff and Class members qualified for financial assistance on their medical debt.

83. As a result of Defendant's willful conduct, Plaintiff and Class are entitled to actual damages, punitive damages, and attorneys' fees.

### THIRD CLAIM FOR RELIEF
### OREGON'S UNLAWFUL DEBT COLLECTION PRACTICES ACT (UDCPA)
### ORS 646.639/ NON-*PER SE* VIOLATIONS
### (Ray Klein)

84. Plaintiff re-alleges and incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

85. Ray Klein's unlawful collection practices violated additional provisions of the UDCPA.

86. The UDCPA prohibits a debt collector from collecting or attempting to collect interest or other charges or fees that exceed the actual debt unless the agreement, contract, or instrument that creates the debt expressly authorizes, or a law expressly allows, the interest or other charges or fees. ORS 646.639(2)(n).

87. The UDCPA prohibits a debt collector from knowingly collecting any amount, including any interest fee, incidental to the principal obligation, unless the amount is expressly authorized by the agreement creating the debt or permitted by law. ORS 646.639(2)(s).

FIRST AMENDED COMPLAINT - 14

88.     Ray Klein violated ORS 646.639(2)(n) and (s) by collecting pre-judgment interest and charging interest on Plaintiff's and Class members medical debt where the patient qualified for financial assistance.

89.     As a result of Defendant's willful conduct, Plaintiff and Class members are entitled to actual damages or $200 in statutory damages, whichever is greater, punitive damages, and attorneys' fees. ORS 646.641.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF OREGON'S UNLAWFUL TRADE PRACTICES ACT
### (Class against St. Charles)

90.     Plaintiff re-alleges and incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

91.     Oregon's Unlawful Trade Practices Act prohibits a person from engaging in unlawful trade practices in the course of the person's business. ORS 646.608(1).

92.     St. Charles is a "person" within the meaning of ORS 646.605(4).

93.     St. Charles misrepresented and created a misleading impression that a patient was screened for financial assistance "as early as possible" when in practice St. Charles would attempt to collect from a patient regardless of their income or ability to pay.

94.     St. Charles misrepresented a patient's obligation owed by failing to disclose that a patient was eligible for financial assistance under ORS 442.614(1)(a)(A) when referring or transferring unpaid charges to a debt collector.

95.     By the conduct described above St. Charles violated the following provisions:

96.     St. Charles made unlawful representations that its "real estate, goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, quantities or qualities that the real estate, goods or services do not have…." ORS 646.608(1)(e).

FIRST AMENDED COMPLAINT - 15

97. St. Charles made "false or misleading representations of fact concerning the reasons for, existence of, or amounts of price reductions." ORS 646.608(1)(j).

98. St. Charles made "false or misleading representations concerning credit availability or the nature of the transaction or obligation incurred." ORS 646.608(1)(k).

99. St. Charles violations were willful in that they knew or should have known that their conduct was in violation of ORS 646.608.

100. St. Charles committed these acts in the course of its business.

101. Plaintiff and Class members obtained St. Charles' services primarily for personal, family, or household purposes within the meaning of ORS 646.605(6).

102. As a result of Defendant's unlawful conduct, Plaintiff and Class members have sustained an ascertainable loss of money and are entitled to actual damages an amount to be proven at trial or statutory damages of $200, whichever is greater, punitive damages, and attorneys' fees, against Defendant. ORS 646.638. Plaintiff and Class members are entitled to an injunction requiring St. Charles cease violations of the Act. ORS 646.636.

## FIFTH CLAIM FOR RELIEF
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*
### (Ray Klein)

103. Plaintiff re-alleges and incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

104. The FDCPA is a strict liability statute.

105. The FDCPA, 15 U.S.C. § 1692a *et seq.*, prohibits a debt collector collecting debt incurred primarily for household or personal use from employing certain unfair debt collection practices.

FIRST AMENDED COMPLAINT - 16

106. The FDCPA prohibits a debt collector from making a false representation of the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A).

107. The FDCPA prohibits a debt collector from threatening to take any action that cannot be legally taken. 15 U.S.C. § 1692e(5).

108. The FDCPA prohibits a debt collector from communicating or threatening to communicate to any person credit information that the debt collector knows or should know is incorrect. 15 U.S.C. § 1692e(8).

109. The FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

110. The FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f.

111. The FDCPA prohibits a debt collector from attempting to collect any amount not authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1).

112. Ray Klein is a "debt collector" as defined under the FDCPA, 15 U.S.C. § 1692a(6).

113. Plaintiff is a "consumer" under the FDCPA, 15 U.S.C. § 1692a(3).

114. Ray Klein violated 15 U.S.C. §§ 1692e, e(2), e(5), e(10) by communicating to Plaintiff that she owed amounts that she did not owe because she qualified for financial assistance.

115. Ray Klein violated 15 U.S.C. § 1692f and 1692f(1) by collecting and attempting to collect amounts Plaintiff and Class members did not owe.

116. Ray Klein violated 15 U.S.C. § 1692e(8) by threatening to report false negative information to each Plaintiff's credit report.

FIRST AMENDED COMPLAINT - 17

117.    Plaintiff is entitled to actual and statutory damages as a result of Ray Klein's violations of the FDCPA.

118.    Plaintiff and the Class are entitled to legal relief against Ray Klein, including actual damages, statutory damages, attorneys' fees, costs of suit, and such further relief as the Court may deem proper.

## PRAYER FOR RELIEF

Plaintiff seeks judgment in her favor and damages against Defendants and:

A.    An order certifying this case as a class action under Fed. R. Civ. P. 23, naming Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel;

B.    An award of actual damages, punitive damages, statutory damages, attorneys' fees and costs;

C.    A declaration that St. Charles practices are unlawful and requiring St. Charles to implement reasonable screening procedures and provide financial assistance before transferring or referring a patient's unpaid charge to a debt collector;

D.    A declaration that Ray Klein's practices are unlawful and precluding Ray Klein from continuing to engage in the acts or practices of collecting unpaid medical debt and interest from individuals who qualified for financial assistance; and

E.    All other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable under Federal Rule of Civil Procedure 38.

RESPECTFULLY SUBMITTED AND DATED this 30th day of April, 2024.

By: /s/ Nadia H. Dahab
**David F. Sugerman**, OSB No. 862984
**Nadia H. Dahab**, OSB No. 125630
SUGERMAN DAHAB
101 SW Main Street Ste. 910
Portland, Oregon 97204
Telephone: (503) 228-6474
Facsimile: (503) 228-2556
david@sugermandahab.com
nadia@sugermandahab.com

**Beth E. Terrell**, *Admitted Pro Hac Vice*
**Blythe H. Chandler**, *Admitted Pro Hac Vice*
**Jasmin Rezaie-Tirabadi**, *Admitted Pro Hac Vice*
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450
bterrell@terrellmarshall.com
bchandler@terrellmarshall.com
jrezaie@terrellmarshall.com

*Attorneys for Plaintiff and the Proposed Class*