**David F. Sugerman**, OSB No. 862984
**Nadia H. Dahab**, OSB No. 125630
SUGERMAN DAHAB
101 SW Main Street Ste. 910
Portland, Oregon 97204
Telephone: (503) 228-6474
Facsimile: (503) 228-2556
david@sugermandahab.com
nadia@sugermandahab.com

*Attorneys for Plaintiff and the Proposed Class*

*(Additional counsel listed on signature page.)*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| KRISTINE REIGER, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>ST. CHARLES HEALTH SYSTEM, INC., an Oregon nonprofit corporation, RAY KLEIN, INC., a foreign corporation,<br><br>    Defendants. | Case No. 6:24-cv-00334-MC<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT RAY KLEIN, INC.'S MOTION TO DISMISS**<br><br>ORAL ARGUMENT REQUESTED |

I.  **INTRODUCTION**

Plaintiff brings this putative class action on behalf of Oregonians who, despite qualifying for financial assistance, were referred to debt collectors, sued in small claims court, and made to pay medical debt and the interest on that debt.  These practices violate state and federal laws that are designed to protect individuals who are laden with medical debt and cannot afford to repay the balance.  The State of Oregon has recognized that these crushing debts can impose extreme financial hardship on Oregonians which trap individuals and families in poverty.  These practices are especially burdensome when hospitals and debt collectors use the court system to obtain judgments, seek garnishments, and impose interest on already substantial amounts owed to supplement their own profits.

In response to these serious concerns, the State of Oregon passed new financial assistance laws in 2019 that require hospitals to provide financial assistance to patients who fall within certain income levels.  In addition, hospitals are required to inform patients that assistance is available and screen past-due balances before collecting or transferring them to a debt collector.  Despite these mandates, Defendant St. Charles Health System, Inc. ("St. Charles") attempts to include additional criteria to make it harder for patients to receive assistance, and to capture information about personal assets to assist in their unlawful collection practices.  Defendant Ray Klein, Inc. ("Ray Klein") collects or attempts to collect debts referred to it by St. Charles and collects interest, including pre-judgment interest and post-judgment interest on patients' medical debts, even when they qualify for assistance.

After a serious accident, Plaintiff Kristine Reiger was admitted to St. Charles Bend for emergency medical services.  St. Charles later billed her for the services it provided.  Even though St. Charles knew or with reasonable diligence would have known that Ms. Reiger

qualified for financial assistance, it transferred her debt to Ray Klein to collect. And even though Ms. Reiger qualified for financial assistance, Ray Klein proceeded to charge interest, obtained a judgment against her in court, and forced her to make payments on a debt she did not owe.

Ray Klein now moves to dismiss Plaintiff's claims against it. In support of its motion, it argues that her claims have already been litigated and that Ms. Reiger is ineligible for financial assistance in any event. It also contends that if St. Charles prevails on its motion to dismiss and motion for summary judgment, *see* ECF 45, that ruling would also resolve the state-law claims against Ray Klein. Finally, it contends that if Plaintiff's state-law claims fail, her federal claims do, too. For the reasons explained below, none of these arguments is persuasive, and each is based on misunderstanding the law that applies to this case.

## II.    FACTUAL BACKGROUND

The allegations set forth in Plaintiff's complaint are as follows: On May 4, 2022, Plaintiff was in a motor vehicle collision and admitted to St. Charles Bend. First Amended Complaint ("Compl.") ¶ 21. Her visit to the emergency room resulted in a bill for $1104.42. Compl. ¶ 22. In October 2022, only after making several attempts to collect on the bill, *see* Compl. ¶¶ 22–26, St. Charles conducted a financial screening and determined that Plaintiff's household income entitled her to 100% bill forgiveness, Compl. ¶¶ 8, 31–32. Despite that screening result, St. Charles transferred or referred Plaintiff's bill to Ray Klein for collection. Compl. ¶ 39. Ray Klein proceeded to charge interest, file a lawsuit, and pressure Plaintiff to create a payment plan on the claimed medical debt. Compl. ¶ 45–48. Pursuant to that plan, Plaintiff paid Ray Klein at least $1339.18. Compl. ¶ 54.

### A. Financial Assistance Laws

In 2019, the Oregon legislature passed House Bill (HB) 3076 to expand financial assistance requirements for hospitals. Compl. ¶ 7. The laws require hospitals to provide varying levels of financial assistance to households whose income is below certain thresholds, with patients who make up to 200% of the federal poverty guidelines being entitled to 100% bill forgiveness. Compl. ¶¶ 8–11. To determine who qualifies, hospitals must inform their patients that assistance is available, provide copies of the financial assistance policy, include information on each billing statement about how to access the assistance, and post information at the hospital's physical locations. Compl. ¶¶ 12–15. Additionally, hospitals must screen patients to determine whether they qualify for the financial assistance and provide a copy of their financial assistance policy with an application for assistance before they transfer any unpaid charges to a debt collector or refer unpaid charges to collection. Compl. ¶ 16.

If a patient qualifies for financial assistance, neither the hospital nor the debt collector may charge interest on the medical debt. Compl. ¶ 18. Federal law also requires nonprofit hospitals to have a written agreement with debt collectors that is "reasonably designed to ensure" that patients will not be sued for a debt until "reasonable efforts have been made" to determine whether the patient is eligible for financial assistance. Compl. ¶ 19.

Defendant St. Charles must comply with the requirements of Oregon's financial assistance laws. Compl. ¶ 20.

### B. Ray Klein's Debt Collection Practices

Ray Klein attempts to collect debts referred to it by St. Charles, and charges interest on those debts even when the patients qualify for financial assistance. Compl. ¶¶ 43, 44. In or around March 2023, Plaintiff received a notice of a small claim filed by Ray Klein for $1217.35,

which included $5.93 in interest. Compl. ¶¶ 45, 46. Shortly after Ray Klein served Plaintiff with a debt collection lawsuit in April 2023, its collection agents called and pressured Plaintiff to set up a payment plan. Compl. ¶¶ 47, 48. Between April and November 2023, Plaintiff made monthly and bi-weekly payments to Ray Klein, notwithstanding her eligibility for financial assistance. Compl. ¶ 49, 52.

### C.    Plaintiffs' Claims for Relief

Plaintiff initially filed this lawsuit in February 2024. ECF 1. In her First Amended Complaint, which is the operative complaint in this case, she alleges five claims for relief, three of which are alleged against Ray Klein. As to Ray Klein, Plaintiff alleges that Ray Klein's conduct in collecting on Plaintiff's debt, including collecting interest, when it knew that Plaintiff qualified for financial assistance, constitutes a violation of Oregon's Unlawful Debt Collection Practices Act (UDCPA). Compl. ¶¶ 75–89 (second and third claims for relief). Plaintiff also alleges that Ray Klein's conduct violates the federal Fair Debt Collection Practices Act (FDCPA). Plaintiff brings her claims against Ray Klein on behalf of a class of similarly situated consumers that includes all Oregon residents listed as financially responsible for St. Charles accounts, whose income was at or below 200% of the federal poverty guideline at the time they incurred medical charges at St. Charles, whose account St. Charles assigned or placed for collection, and from whom Ray Klein collected or attempted to collect. Compl. ¶ 56.

## III.    LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 12(b)(1), a district court must dismiss an action if subject matter jurisdiction is lacking. "A motion to dismiss under Rule 12(b)(1) may attack either the allegations of the complaint or the 'existence of subject matter jurisdiction in fact.' " *Serrano v. Marshal Sunshine, Inc.*, 2015 WL 1176535, at *1 (D. Or. Mar. 10, 2015)

(quoting *Thornhill Pub. Co., Inc. v. Gen. Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)).  In this case, Ray Klein attacks the existence of subject matter jurisdiction in fact.  The party seeking to invoke the court's jurisdiction bears the burden to establish it.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).

A motion to dismiss under Rule 12(b)(6) may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief.  *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).  A claim has facial "plausibility" if its factual allegations allow the Court to reasonably infer the defendant's liability for the alleged conduct.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

In evaluating the sufficiency of a complaint's factual allegations, the Court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party.  *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  The Court must draw all reasonable inferences from the factual allegations in Plaintiff's favor.  *Newcal Indus. v. Ikon Office Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008).

**IV.   ARGUMENT**

Ray Klein moves to dismiss Plaintiff's claims on three primary substantive grounds.  First, it contends that the claims are barred under the *Rooker-Feldman* doctrine.  Second, it contends that Plaintiff's claims are barred by principles of res judicata.  Third, Ray Klein contends that, because Plaintiff had insurance at the time she received services from St. Charles, she somehow fails to state a claim for relief.  For the reasons explained below, each of these arguments fails.

A.     **Plaintiff's claims are not barred under the *Rooker-Feldman* doctrine.**

Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to hear collateral attacks on state court judgments or de facto appeals from those judgments. The premise underlying the *Rooker-Feldman* doctrine is that "a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003).

The *Rooker-Feldman* doctrine gets its name from two Supreme Court cases holding that federal district courts lack jurisdiction to hear appeals "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284–85, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 75 L. Ed. 2d 206 (1983)). In *Rooker*, the plaintiff sued in federal district court seeking to have a state-court judgment adverse to the federal court plaintiff "declared null and void." 263 U.S. at 414. The plaintiff argued that entry of the judgment was unconstitutional. *Id.* at 414–15. The U.S. Supreme Court explained that federal district courts lack appellate jurisdiction over state court judgments. *Id.* at 416. Because an "aggrieved litigant cannot be permitted to do indirectly what he no longer can do directly," *id.*, the action was dismissed for lack of subject matter jurisdiction.

In *Feldman*, decided 60 years after *Rooker*, the plaintiffs challenged the D.C. Court of Appeals' decisions to deny their bar admissions. As in *Rooker*, the U.S. Supreme Court held that "to the extent plaintiff challenged the Court of Appeals' decisions themselves—as opposed to the bar admission rules promulgated nonjudicially by the Court of Appeals—their sole avenue of

review was with the Supreme Court." *Chase v. Gordon, Aylworth & Tami, P.C.*, 2019 WL 5085417, at *3 (D. Or. Oct. 10, 2019) (describing *Feldman*). Since *Feldman*, the Supreme Court has explained that "[n]either *Rooker* nor *Feldman* elaborated a rationale for a wide-reaching bar on the jurisdiction of lower federal courts, and [its] cases since *Feldman* have tended to emphasize the narrowness of the *Rooker-Feldman* rule." *Lance v. Dennis*, 546 U.S. 459, 464, 126 S. Ct. 1198, 163 L. Ed. 2d 1059 (2006).

To determine whether the *Rooker-Feldman* doctrine bars a plaintiff's claims, federal district courts engage in a two-step inquiry. First, the court should determine whether the action "contains a forbidden de fact appeal of a state court decision." *Chase*, 2019 WL 5085417, at *4 (citing *Noel*, 341 F.3d at 1158).[1] If the answer is yes, "there is no subject matter jurisdiction over any issue that is 'inextricably intertwined' with the state court judicial opinion from which the

---

[1] Ninth Circuit precedent is illustrative of what constitutes a forbidden de facto appeal, and it generally turns on alleged errors by the state court itself, not by the federal defendant. *See, e.g.*, *Bianchi v. Rylaarsdam*, 334 F.3d 895 (9th Cir. 2003) (Plaintiff lost appeal before three-judge panel in the California Court of Appeal and then filed a suit against the judges seeking to vacate that opinion; suit barred under *Rooker-Feldman*); *Olson Farms v. Barbos*, 134 F.3d 933 (9th Cir. 1998) (Plaintiff barred under Rooker-Feldman from federal suit to challenge the jurisdictional decision by a California state court); *Partington v. Gedan*, 961 F.2d 852 (9th Cir. 1992) (lawsuit against the justices of the Hawai'i Supreme Court for levying a fine was barred under *Rooker-Feldman*); *Allah v. Superior Ct.*, 871 F.2d 887 (9th Cir. 1989) (federal suit against the Los Angeles Superior Court alleging the dismissal of his suit in state court violated rights barred under *Rooker-Feldman*); *MacKay v. Pfeil*, 827 F.2d 540 (9th Cir. 1987) (suit in district court seeking a declaration that an Alaska Superior Court judgment was void barred under *Rooker-Feldman*); *Worldwide Church of God v. McNair*, 805 F.2d 888 (9th Cir. 1986) (suit against California Superior Court asking a federal court to declare the state trial court verdict for defamation unconstitutional barred under *Rooker-Feldman*). *Contra Mendoza v. Strickler*, 51 F.4th 346, 354 (9th Cir. 2022) ("The fact that state court decisions form part of the basis for the [Defendants'] suspension action is immaterial" and does not necessarily bar claims); *Bell v. City of Boise*, 709 F.3d 890 (9th Cir. 2013) (lawsuit seeking expungement of criminal records and return of fines for city camping ordinance violations not barred because it did not allege a legal error by the state court as the basis for relief); *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004) (federal suit seeking to set aside previous state court judgments not barred because the doctrine applies only when a plaintiff alleges harm from legal errors by the court and not wrongful conduct by the defendant).

8 – PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT RAY KLEIN, INC.'S MOTION TO DISMISS

forbidden de facto appeal is brought." *Id.* "If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction. *Noel*, 341 F.3d at 1164; *see also Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) ("*Rooker-Feldman* thus applies only when the federal plaintiff both asserts as her injury legal error or errors by the state court *and* seeks as her remedy relief from the state court judgment."). "The inextricably intertwined' language from *Feldman* is not a test to determine whether a claim is a de facto appeal, but is rather a second and distinct step in the *Rooker-Feldman* analysis." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013).[2]

Plaintiff's claims in this case do not constitute a forbidden de facto appeal under *Rooker-Feldman*. Indeed, both the Ninth Circuit and courts in this district have held as much; *i.e.*, that the *Rooker-Feldman* doctrine does not bar unlawful debt collection claims like those that Plaintiff alleges here.

*Chase* is just one example. There, the plaintiffs, on behalf of a putative class, alleged claims against the defendant, Gordon, Aylworth & Tami, P.C. (GAT), under the FDCPA and Oregon's Unlawful Trade Practices Act (UTPA). 2019 WL 5085417, at *1. In support of those claims, the plaintiffs alleged that GAT had pursued debt collection actions to judgment in state court, and in doing so had fraudulently misrepresented its actual costs of service. *Id.* at *4. The federal court plaintiffs, who were the defendants in the state court proceedings, sued under the FDCPA and UTPA, alleging unlawful conduct in "GAT's own actions and representations" in the collection proceedings. *Id.* They did not allege, as the basis of their claim, "any legal error committed by the state court." *Id.* The federal district court, relying on the Ninth Circuit's

---

[2] Ray Klein is wrong on the law to the extent that it implies that *Rooker-Feldman* separately bars claims that are "inextricably intertwined" with a state court's judgment. *See* Motion at 8.

9 – PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT RAY KLEIN, INC.'S MOTION TO DISMISS

decision in *Bell*, held that the claims did not constitute a de facto appeal of the state court judgment. *Id.* ("[T]he Plaintiffs here allege that GAT—not the state court—engaged in unlawful activity.").[3]

Other district courts in the Ninth Circuit have reached the same conclusion. *See, e.g.*, *Villanueva v. Liberty Acquisitions Servicing, LLC*, 319 F.R.D. 307, 321–23 (D. Or. 2017) (*Rooker-Feldman* does not apply to FDCPA claim); *Riding v. Cach LLC*, 992 F. Supp. 2d 987, 994 (C.D. Cal. 2014) (*Rooker-Feldman* does not preclude claims based on collection practices); *Huy Thanh Vo v. Nelson & Kennard*, 931 F. Supp. 2d 1080 (E.D. Cal. 2013) (lawsuit for "an allegedly illegal act: that defendant sued . . . for a debt he did not owe," not barred by *Rooker-Feldman* doctrine).

Most recently, in *Bjornsdotter v. Suttell & Hammer, P.S.*, the Ninth Circuit reversed this Court's holding that *Rooker-Feldman* barred a plaintiff's FDCPA claim, noting that the plaintiff there

> did not challenge the state court judgment or seek relief from it, nor did she "allege[ ] a legal error by the state court." That is, she did not contend that the Oregon state court's decision was wrong and must be reversed, or that she is seeking relief for injury caused by the state court judgment itself. Rather, she contended that [the defendant's] collection actions during the state court proceeding violated the Fair Debt Collection Practices Act ("FDCPA").

---

[3]  Because it found there was no de facto appeal, the *Chase* court did not need to undertake an "inextricably intertwined" analysis. 2019 WL 5085417, at *5 ("The "inextricably intertwined" analysis, however, is only required when a federal court determines that the plaintiff's claim is a de facto appeal. It is not a test to determine whether a claim is a de facto appeal. *See Bell*, 709 F.3d at 897. Because Plaintiff's claims here are not a de facto appeal of the state court judgments, the second step of *Rooker-Feldman* is not implicated."). For the reasons explained above, the same is true in this case.

10 – PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT RAY KLEIN, INC.'S MOTION TO DISMISS

2021 WL 6118166, at *1 (9th Cir. Dec. 27, 2021) (memorandum) (citing *Bell*, 709 F.3d at 891) ("[I]f a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker–Feldman* does not bar jurisdiction." (simplified)).

Those authorities apply here. Here, as in *Chase*, *Villanueva*, *Huy Thanh Vo*, *Bjorsdotter*, *Bell*, and others, Plaintiff does not challenge the state court judgment and does not seek relief from that judgment. She does not contend that the state court's decision was wrong and must be reversed, and she is not seeking relief for injury caused by the state court judgment. Instead, Plaintiff alleges that Ray Klein improperly and unlawfully collected interest on Plaintiff's debt, knowing that she qualified for financial assistance and did not owe the debt in the first instance, and engaged in other unlawful debt collection practices under state and federal law. *See* Compl. ¶ 81 ("Ray Klein violated ORS 646A.677(7) by charging interest on Plaintiff and Class members medical debt when they qualified for financial assistance."); ¶ 88 ("Ray Klein violated ORS 646.639(2)(n) and (s) by collecting pre-judgment interest and charging interest on Plaintiff's and Class members medical debt where the patient qualified for financial assistance."); ¶¶ 114–16 (alleging that Ray Klein violated the FDCPA by "communicating to Plaintiff that she owed amounts that she did not owe"; "collecting and attempting to collect amounts Plaintiff and Class members did not owe"; and "threatening to report false negative information to each Plaintiff's credit report"). These are allegations of Ray Klein's unlawful conduct, not any unlawful conduct or judgment by the state court. *Cf. Bell*, 709 F.3d at 897 (where a plaintiff alleges a legal wrong by an adverse party, rather than a legal error by the state court, *Rooker-Feldman* does not bar

claims). Plaintiff's claims—under both federal and state law—are not barred under the *Rooker-Feldman* doctrine.[4]

### B.  Plaintiff's claims are not barred by principles of res judicata.

While res judicata traditionally refers to the practice of federal courts giving "preclusive effect [to] decision[s] of other federal courts, Congress has specifically required all federal courts to give preclusive effect to state-court judgment whenever the courts of the State from which the judgments emerged would do so." *Allen v. McCurry*, 449 U.S. 90, 96, 101 S. Ct. 411, 66 L. Ed. 3d 308 (1980) (citing 28 U.S.C. § 1738). When applying the doctrine, federal courts must look to state law to determine the preclusive effect of a state court judgment. *See* § 1738; *see also Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988) (citing *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 519, 106 S. Ct. 768, 88 L. Ed. 2d 877 (1986)).

Oregon applies a five-element test to determine whether the decision by one court precludes litigation of an issue in another court. *See Nelson v. Emerald People's Utility Dist.*, 318 Or. 99, 103–04, 62 P.2d 1293 (1993). Those elements are: (1) the issues in the two proceedings were identical; (2) the issue was actually litigated and essential to the final decision on the merits; (3) the party sought to be precluded must have had a full and fair opportunity to be heard on the issue; (4) the party sought to be precluded must have been a party or in privity with a party to the prior proceeding; and (5) the prior proceeding must have been the type of proceeding to which the court will give preclusive effect. *Id.* at 104; *see also Thomas v. U.S.*

---

[4]    The authorities that Ray Klein cites are not to the contrary. In *Halajian v. City of Fresno*, 2011 WL 489598 (E.D. Cal. Feb. 7, 2011), there was no discussion whatsoever of the *Rooker-Feldman* doctrine. And in *Williams v. Cavalry Portfolios Services, LLC*, the plaintiff alleged that he was not properly served with the state-court complaint and therefore could not be liable under the state-court judgment. 2010 WL 2889656, *3 (C.D. Cal. July 20, 2010). Those allegations, unlike Plaintiff's here, centered on the whether the state court properly entered the judgment, not on specific conduct by the adverse party.

*Bank Nat'l Ass'n*, 244 Or. App. 457, 469, 260 P.3d 711 (2011). "Even where those elements are met, 'the court must also consider the fairness under all the circumstances of precluding a party.' " *Minihan v. Stiglich*, 258 Or. App. 839, 855, 311 P.3d 922 (2013) (quoting *State Farm Fire & Cas. Co. v. Century Home Components, Inc.*, 275 Or. 97, 110, 550 P.2d 1185 (1976)).

Here, the issues are not identical and were not actually litigated in any state court proceeding. Oregon courts have adopted "a strict standard for the 'identity of issues' requirement and require that 'the precise question was raised and determined in the former suit.' " *Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 1007 (9th Cir. 2007) (quoting *State v. Hunt*, 161 Or. App. 338, 985 P.2d 832 (1999)). In this proceeding, the question is whether Ray Klein engaged in unlawful conduct when it collected or attempted to collect Plaintiff's medical debt. In the state-court proceeding, the question was Plaintiff's liability for the debt itself. These questions are not identical.

*Chase* is again instructive. There, the court held that the question presented in the federal case—whether "GAT engaged in false, misleading, or deceptive practices by sending collection complaints seeking payment of the debt each Plaintiff owed and costs actually incurred, then later seeking an award of" additional costs—was not identical to the question presented in the state court, which considered, "at most, only the facial reasonableness of GAT's asserted costs." 2019 WL 5085417, at *6. Relying on *Jenkins-Brown v. Liberty Acquisitions Servicing, LLC*, 2015 WL 5561055, at *7 (D. Or. Sept. 14, 2015), the court in *Chase* explained that, by allowing a default judgment to be entered against her in the state court, a plaintiff "is precluded only from relitigating her liability for the principal debt, not any FDCPA violations [the debt collector] may have committed in the course of collecting the debt." *Chase*, 2019 WL 5085417, at *7. That reasoning applies equally here.

13 – PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT RAY KLEIN, INC.'S MOTION TO DISMISS

Nor was the issue here actually litigated in the state court proceedings. In Oregon, "the doctrine of res judicata, including collateral estoppel, as to matters essential to the judgment, applies to judgments by default." *Gwynn v. Wilhelm*, 226 Or. 606, 609, 360 P.2d 312 (1961). To satisfy the "actually litigated and essential to a final decision" requirement, "a prior court's resolution of an issue must either be apparent from the face of a judgment or order or, if not apparent from the face of a judgment or order, must have been necessary to the resolution of the prior adjudication." *Leach v. Scottsdale Indemnity Co.*, 261 Or. App. 234, 240, 323 P.3d 337 (2014) (citing *Westwood Constr. Co. v. Hallmark Inns*, 182 Or. App. 624, 50 P.3d 238 (2002)).

Of course, if the issues to be decided in the two proceedings are not identical, it is unlikely that the issue presented in the second proceeding would necessarily have been litigated in the first. For the reasons explained above, whatever issue was "actually litigated" in the default judgment proceeding is distinct from the issue presented here; whether Ray Klein improperly and unlawfully charged or collected interest, communicated to Plaintiff that she owed a debt she did not owe, threatened to report false information to her credit reporting agency, or otherwise violated the FDCPA or UDCPA are not questions that were actually litigated in *any* state court proceeding.[5] They are not precluded from litigation in this case.[6]

---

[5] On this issue, this case is unlike *Bjornsdotter*, where the Ninth Circuit ruled that the plaintiff's FDCPA claims were precluded because they were actually litigated and essential to the state court's decision. There, however, the state-court record at summary judgment made clear that the claims and defenses asserted in the underlying state court proceeding were identical to, and actually decided in, the state court case. 2019 WL 6118166, at *2.

[6] Relevant to the scope of issues that are deemed "actually litigated" in any state court proceeding is the fact that, under Oregon law, there are no compulsory counterclaims. As a result, if, "in one action, certain facts create both a defense and a counterclaim, 'failure to assert such facts, either as a defense or as a counterclaim, does not preclude [the] defendant from thereafter bringing a separate action based upon those facts.'" *State ex rel. English v. Multnomah Cty.*, 348 Or. 417, 433, 238 P.3d 980 (2010) (citing *Buck v. Mueller*, 221 Or. 271, 277, 351 P.2d 61 (1960)). For that reason, in Oregon, res judicata refers exclusively to the rule of merger, meaning only that "a defendant cannot raise defenses in the enforcement of a

14 – PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT RAY KLEIN, INC.'S MOTION TO DISMISS

Of course, even if all of the elements of preclusion were satisfied here—and they are not—application of res judicata would be unfair and therefore improper. *See State Farm*, 275 Or. at 110 ("the court must consider the fairness under all the circumstances of precluding a party"). In *Chase*, the district court held, in similar circumstances, that "a formalistic application of [the preclusion] doctrine could lead to injustice": there, as here, the plaintiffs had alleged that the defendant violated federal and state consumer protection statutes by making misstatements and misleading consumers in the collection of an underlying debt. 2019 WL 5085417, at *8. "That individual debtors allowed entry of default judgment against them should not immunize Defendants from liability for misleading, deceptive, or fraudulent activity." *Id*. The same should be true here. Ray Klein's motion to dismiss any of Plaintiff's claims on res judicata grounds should be denied.

C.  **That Plaintiff "had insurance" is not grounds for dismissal.**

Ray Klein's last substantive argument is simply that Plaintiff "had insurance" and therefore was not entitled to financial assistance. Motion at 14. For support, Ray Klein seeks to have this Court take judicial notice of a police report, generated by the City of Bend Police Department, that states that Plaintiff provided proof of automobile insurance to the officer at the time of her motor vehicle collision.

As a preliminary matter, the police report that Ray Klein attempts to incorporate into the pleadings and record is not the proper subject of either incorporation *or* judicial notice, and should therefore be stricken. True, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may

---

judgment that he or she did raise or could have raised in the action in which the judgment was entered." *Id.*

be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994); *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) ("[A] district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies."). But Plaintiff's complaint never once mentions, let alone relies on, any police report from her motor vehicle collision. This Court cannot go outside the record to supply a fact that is an essential part of a party's case unless the fact is clearly beyond dispute. *See United States v. Wilson*, 631 F.2d 118 (9th Cir. 1980).

     Nor is the police report properly subject to judicial notice. "Courts may take judicial notice of some public records . . . but that does not mean that all evidence related to [a] case . . . fits within the judicial notice exception." *United States v. Ritchie*, 342 F.3d 903 (9th Cir. 2003) (citing *Pina v. Henderson*, 752 F.2d 47, 50 (2d Cir. 1985)). The existence and contents of a police report, particularly when it is offered for the truth of the matter asserted, generally are not judicially noticeable. *Id.* ("the existence and content of a police report are not properly the subject of judicial notice"); *Kennedy v. Central City Concern*, 2016 WL 1047890, at *2 (D. Or. Feb. 8, 2016) (citing *Benavides v. City of Arvin*, 2012 WL 1910259, at *3 (E.D. Cal. May 25, 2012) (contents of police report not judicially noticeable because "the allegedly indisputable facts contained in the police report . . . are subject to hearsay objections, and do not rise to the 'high degree of indisputability' required for judicial notice for their truth" (omission in *Kennedy*)); *see also Clark v. Wells Fargo Bank*, 2021 WL 1232785, at *8 (D. Or. Mar. 31, 2021) (same); *Sharipoff v. Jason Myers (Sheriff)*, 2019 WL 118404, at *2 (D. Or. Jan. 7, 2019) (same, applying *Benavides*); *Standish v. Woods*, 2004 WL 1379466, at *3 (D. Or. May 10, 2004) (same, applying *Ritchie* and *Pina*). The police report that Ray Klein offers is not judicially noticeable.

16 – PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT RAY KLEIN, INC.'S MOTION TO DISMISS

Substantively, Ray Klein's argument fails in all events. Although it claims to rely on ORS 442.612(9), that provision refers to costs that are not *reimbursed* by insurance; it does not support Ray Klein's argument that Plaintiff was not eligible for assistance because she "had insurance." There is no other provision of law that supports Ray Klein's motion. And at this stage, this Court is limited by the allegations of Plaintiff's complaint and any reasonable inferences that may be drawn from those allegations. Plaintiff does not allege—and indeed disputes—that her St. Charles medical bills were reimbursed by insurance, to the extent that she had insurance to cover them.[7] Ray Klein's motion should be denied.

### D. St. Charles' arguments do not support Ray Klein's motion.

Finally, Ray Klein argues that, if the Court grants the motion filed by St. Charles, it should do the same with respect to Ray Klein. Plaintiff disagrees. In response, Plaintiff incorporates by reference the arguments set forth in her response to St. Charles's motions and further states as follows.

Under Oregon law, "[i]f a patient qualifies for financial assistance under ORS 442.614 (1)(a)(A), a hospital, nonprofit hospital-affiliated clinic or other debt collector may not charge interest on the patient's medical debt." ORS 646A.677(7). In her amended complaint, Plaintiff alleges that she qualified for financial assistance, that Ray Klein knew or with reasonable diligence would have known that she qualified for financial assistance, but that Ray Klein charged interest anyway. That claim is entirely independent of Plaintiff's claims against St. Charles, which allege separate violations for St. Charles's unlawful conduct in transferring the debt to Ray Klein, in misrepresenting to Plaintiff the nature of her obligation, and in creating a

---

[7] To the extent that Ray Klein suggests that because Plaintiff had some form of insurance, her medical bills must have been reimbursed, makes no sense. If the medical bills were reimbursed, there wouldn't have been any collection action in the first place.

17 – PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT RAY KLEIN, INC.'S MOTION TO DISMISS

misleading impression that it screens patients "as early as possible" to determine their eligibility. Because those claims are distinct, the Court cannot, as Ray Klein requests, resolve claims against Ray Klein based on the arguments relating to the separate and independent claims against St. Charles.

## V.  CONCLUSION

For the reasons explained above, Plaintiff respectfully requests that the Court deny Ray Klein's motion to dismiss and strike Exhibit B, which Ray Klein filed in support of that motion.

DATED this 20th day of June, 2024.

By: /s/ Nadia H. Dahab
**David F. Sugerman**, OSB No. 862984
**Nadia H. Dahab**, OSB No. 125630
SUGERMAN DAHAB
101 SW Main Street Ste. 910
Portland, Oregon 97204
Telephone: (503) 228-6474
Facsimile: (503) 228-2556
david@sugermandahab.com
nadia@sugermandahab.com

**Beth E. Terrell**, *Admitted Pro Hac Vice*
**Blythe H. Chandler**, *Admitted Pro Hac Vice*
**Jasmin Rezaie-Tirabadi**, *Admitted Pro Hac Vice*
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450
bterrell@terrellmarshall.com
bchandler@terrellmarshall.com
jrezaie@terrellmarshall.com

*Attorneys for Plaintiff and the Proposed Class*