IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

KRISTINE REIGER,                                    Case No. 6:24-cv-00334-MC

Plaintiff,                                          OPINION AND ORDER

      v.

ST. CHARLES HEALTH SYSTEM, INC.
and RAY KLEIN, INC.,

        Defendants.

_____

MCSHANE, Judge:

      Plaintiff Kristine Reiger brings this action against Defendants St. Charles Health System, Inc. and Ray Klein, Inc., alleging violations of Oregon's Unlawful Debt Collection Practices Act, Unlawful Trade Practices Act, and the federal Fair Debt Collection Practices Act. Pl.'s First Am. Class Action Compl. ¶¶ 64–118, ECF No. 36. Following earlier litigation in the case, one claim remains against Defendant St. Charles. Plaintiff alleges that St. Charles violated ORS 646A.677(7), a provision that prohibits charging interest on a patient's medical debt if that patient qualifies for 100% financial assistance. Def.'s Mot. for Summary J. 5, ECF No. 88; Pl.'s Resp. in Opp'n to Summary J. 1, ECF No. 97.

      Defendant St. Charles moves for summary judgment, arguing that claim preclusion bars Plaintiff's sole surviving claim based on this Court's prior dismissal of the claims against Ray Klein. Def.'s Mot. for Summary J. 5. Defendant also contends that even if claim preclusion does

1 – Opinion and Order

not apply, Plaintiff cannot show that St. Charles committed an unlawful collection practice under ORS 646A.677(7). *Id.* at 9.

Because (1) claim preclusion bars Plaintiff's remaining claim against Defendant St. Charles and (2) St. Charles did not charge interest on Plaintiff's medical debt, Defendant St. Charles's Motion for Summary Judgment is **GRANTED**.

## ABBREVIATED STATEMENT OF FACTS

This case has boiled down to a single claim against St. Charles arising from interest that Ray Klein charged on Plaintiff's medical debt.

In May of 2022, Plaintiff suffered injuries in a car accident and received emergency care from St. Charles Medical Center, one of Defendant's healthcare facilities. Pl.'s First Am. Class Action Compl. ¶ 21; Crowl Decl. Def.'s Mot. to Dismiss ¶ 18, ECF No. 23. Defendant began sending Plaintiff billing statements for $1,104.42 worth of medical care in June. Pl.'s First Am. Class Action Compl. ¶ 22. After several months without a response, Defendant conducted a financial screening of Plaintiff to determine whether she was eligible for financial assistance for the unpaid bill under ORS 442.614 and ORS 646A.677. *Id.* at ¶ 31; Crowl Decl. Def.'s Mot. to Dismiss ¶¶ 23–24. The screening revealed that Plaintiff was in fact eligible for 100% financial assistance pursuant to St. Charles's financial assistance program and Oregon law. Pl.'s First Am. Class Action Compl. ¶ 32; Crowl Decl. Def.'s Mot. to Dismiss ¶ 25, Ex. K. St. Charles then mailed Plaintiff a packet with its financial assistance policy and an application for assistance. Pl.'s First Am. Class Action Compl. ¶¶ 33–34; Crowl Decl. Def.'s Mot. to Dismiss ¶ 26, Ex. G.

By November, Defendant had not received a response from Plaintiff, neither about her unpaid medical bill nor her application for financial assistance. Crowl Decl. Def.'s Mot. to Dismiss

¶¶ 27–28. St. Charles then referred Plaintiff's unpaid charges to Ray Klein, a debt collection agency. *Id.* at ¶ 28. St. Charles contracts with Ray Klein to collect delinquent patient medical debts. Under this arrangement, St. Charles owns the debt, but Ray Klein is authorized to recover it through collection actions. Crowl Decl. Def.'s Mot. for Summary J. Ex. A 1–2, ECF No. 93. Referring unpaid charges to a debt collector is standard practice when a patient does not return a financial assistance application after 30 days. Crowl Decl. Def.'s Mot. to Dismiss Ex. B 8.

The following year, in March of 2023, Plaintiff received a notice of a small claim that Ray Klein filed in Oregon Circuit Court for her unpaid principal balance of $1,104.42, plus interest. Pl.'s First Am. Class Action Compl. ¶¶ 45–46; Bish Decl., Ex. A, ECF No. 89. Ray Klein served Plaintiff with a debt collection lawsuit in April and the court entered a default judgment against her in August. Pl.'s First Am. Class Action Compl. ¶ 47; Def. Ray Klein's Mot. to Dismiss Ex. A, ECF No. 46. The following day, Ray Klein sent Plaintiff notice of the judgment award stating that post-judgment interest of 9% would accrue under ORS § 82.010. Pl.'s First Am. Class Action Compl. ¶ 48; Def. Ray Klein's Mot. to Dismiss Ex. A at 1. Plaintiff made payments to Ray Klein through November of that year, paying at least $1,339.18. Pl.'s First Am. Class Action Compl. ¶¶ 49, 54.

## LEGAL STANDARD

### I.     Summary judgment

Defendant St. Charles moves for summary judgment. Summary judgment is proper when there is "'no genuine issue as to any material fact and [] the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56). The summary judgment rule "isolate[s] and dispose[s] of factually unsupported claims or defenses . . . ." *Celotex*, 477 U.S. at 323–24. The moving party bears the initial burden of showing

that there is no genuine issue of material fact. *Id.* at 323. There are two ways a moving party can meet its initial burden: (1) by producing sufficient evidence to negate an essential element of the nonmoving party's case or (2) by establishing that the nonmoving party lacks enough evidence to carry its burden of persuasion at trial as to a claim or defense. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1106 (9th Cir. 2000). Then, the burden shifts to the opponent—in this case, Plaintiff—to show "that there is a genuine issue for trial[,]" which demands "more than simply show[ing] that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). To show a genuine issue for trial, the nonmoving party must "go beyond the pleadings . . . ." *Celotex*, 477 U.S. at 324. A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the *nonmoving* party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis added). And a fact is "material" if it "might affect the outcome of the suit under the governing law . . . ." *Id.* A court examines evidence and "draws all justifiable inferences in favor of the non-moving party." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014) (citation modified).

## II.    Claim preclusion

Defendant St. Charles argues that Plaintiff's remaining claim "is barred by the doctrine of *res judicata* . . . for the same reasons the Court found the claim is barred as against Ray Klein" based on an Oregon Circuit Court default judgment. Def.'s Mot. for Summary J. 5. When evaluating the preclusive effect of a state court judgment, federal courts must apply that state's preclusion rules. *White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012) (citing *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 482 (1982)); *see also Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) (federal courts "must give to a state-court judgment the same

preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."); *Dodd v. Hood River Cnty.*, 136 F.3d 1219, 1224—25 (9th Cir. 1998) (claim preclusion promotes judicial efficiency and federal courts must apply state rules of preclusion when evaluating state court judgments).

Oregon's claim preclusion rule is dyed-in-the-wool:

> [A] plaintiff who has prosecuted one action against a defendant through to a final judgment . . . is barred [*i.e.*, precluded] . . . from prosecuting another action against the same defendant where the claim in the second action is one which [1] is based on the same factual transaction that was at issue in the first, [2] seeks a remedy additional or alternative to the one sought earlier, and [3] is of such a nature as could have been joined in the first action.

*Drews v. EBI Companies*, 795 P.2d 531, 535 (Or. 1990) (quoting *Rennie v. Freeway Transp.*, 656 P.2d 919, 921 (Or. 1982)); *see also Dauven v. U.S. Bancorp*, 390 F.Supp.3d 1262, 1276—77 (D. Or. 2019) (stepping through Oregon case law on claim preclusion). The doctrine of *res judicata* prevents parties "from having two bites at the apple." *Dean v. Exotic Veneers, Inc.*, 531 P.2d 266, 269 (Or. 1975). A plaintiff who already brought their claim against a defendant "should be foreclosed from further litigation on all grounds or theories of recovery which could have been litigated in the first instance." *Id.* Claim preclusion bars "a party from relitigating the same claim or splitting a claim into multiple actions against the same opponent." *G.B. v. Morey*, 215 P.3d 879, 881 (Or. Ct. App. 2009) (citing *Bloomfield v. Weakland*, 123 P.3d 275, 279 (Or. 2005)).

Oregon courts evaluate what claims could have been litigated before with a liberal eye. They have declared that "[t]he *opportunity* to litigate is required, whether or not it is used." *Drews*, 795 P.2d at 535 (emphasis added) ("Where there is an opportunity to litigate the question along the road to the final determination of the action . . ., neither party may later litigate the subject  or question."). And "[a] 'claim' is defined broadly as 'a group of facts which entitled [the] plaintiff

to relief.'" *G.B.*, 215 P.3d at 881 (quoting *Troutman v. Erlandson*, 598 P.2d 1211, 1218 (Or. 1979)). Finality as a prerequisite for claim preclusion, however, is non-negotiable. *Drews*, 795 P.2d at 535. Ultimately, the burden to establish the prerequisites for claim preclusion "rests with the one seeking to invoke that rule." *D'Amico ex rel. Tracey v. Ellinwood*, 149 P.3d 277, 283 (Or. Ct. App. 2006).

## DISCUSSION

### I.    Claim preclusion bars Plaintiff's remaining claim against Defendant St. Charles

Defendant asserts that claim preclusion bars Plaintiff's remaining claim. Def.'s Mot. for Summary J. 5. Because the instant case and the Circuit Court's default judgment "'arise out of the same transactional nucleus of facts,'" Defendant alleges, Plaintiff should have raised her remaining claim in the prior action. *Id.* at 6. Defendant argues that the state court action ended in a final judgment on the merits and there is an identity of claims between that action and this one. *Id.* at 5–6. Defendant therefore concludes that "the only issue that this Court has not yet decided is whether there is privity between St. Charles and Ray Klein such that Plaintiff's claim against St. Charles should also be barred." *Id.* at 6. Because St. Charles and Ray Klein "had an assignor-assignee relationship," St. Charles's interests were "fully protected in the Prior Action, which is more than sufficient to establish privity between [Defendants]." *Id.* at 6–7.

Plaintiff argues that Defendants were not in privity because "the debt was assigned entirely to Ray Klein, a separate legal entity . . . ," which distinguishes the circumstances here from those of "true successorship." Pl.'s Resp. in Opp'n to Summary J. 6. "In other words, Ray Klein was not an agent standing in the shoes of St. Charles . . . ." *Id.* at 6–7.

    *i.    Plaintiff's claim is barred by claim preclusion under Oregon law*

First, Defendant appropriately waited for this Court to rule on whether claim preclusion applied to claims against Ray Klein and timely filed a dispositive motion asserting it as a defense. *See* Def.'s Mot. for Summary J; Op. & Order, ECF No. 84. Second, the Circuit Court's entry of default judgment satisfies claim preclusion's requisite finality. Op. & Order 25 (stating that the Circuit Court's default judgment constitutes a final judgment on the merits); *see also Buck v. Mueller*, 351 P.2d 61, 64 (Or. 1960) (citation modified) (*res judicata* applies to judgments by default).

This Court finds that Defendant has met its burden of establishing the prerequisites for claim preclusion. *See D'Amico ex rel. Tracey*, 149 P.3d at 283. Indeed, Plaintiff's liability to Defendant St. Charles for her medical bills is at the heart of both the instant lawsuit and the Circuit Court's default judgment. This Court stated, in its ruling on Defendant's motion to dismiss, that the Circuit Court in the prior action "assessed whether Plaintiff was liable for the debt, what she owed, and what interest applied." Op. & Order 25. In finding that claim preclusion bars Plaintiff's claims against Ray Klein, the Court concluded that "[t]he laws invoked and the claims brought currently were all available to Plaintiff during the state court proceeding." *Id.* Oregon courts have held that plaintiffs cannot prosecute multiple actions "based on the same factual transaction . . . ." *Rennie*, 656 P.2d at 921. "In deciding whether a group of facts is part of the same claim, we inquire whether the 'transactions were related in time, space, origin, or motivation . . . ." *G.B.*, 215 P.3d at 881 (citation modified). Because Plaintiff alleges that she was unlawfully charged interest, claim preclusion applies, regardless of whether she challenges Ray Klein's decision to charge interest or St. Charles's decision to refer her debt to Ray Klein. Plaintiff's claim before this Court rests on the same factual transaction at issue in the prior state court action; she could have litigated the validity and referral of her debt in Circuit Court. *See Dean*, 531 P.2d at 269. The *opportunity* to litigate the

validity of her medical debt and associated interest—which is what matters—existed in the prior Circuit Court proceeding. *Drews*, 795 P.2d at 535. Thus, Plaintiff's live claim under 646A.677 is precluded here. To hold otherwise would essentially allow Plaintiff to relitigate the same claim against the same opponent. *See G.B.*, 215 P.3d at 881 (citation modified)

Absent claim preclusion, Plaintiff would get another opportunity to litigate the validity of the debt previously at issue in state court. While St. Charles was not a party in the prior state court action, privity exists between St. Charles and Ray Klein based on their assignor-assignee relationship. Privity describes a relationship in which a non-party's interests were "fully protected in the first trial." *Zybach v. Perryman*, 383 P.3d 314, 319 (Or. Ct. App. 2016) (citation modified). As Defendant states, "both Ray Klein and St. Charles were interested in establishing the validity of Plaintiff's debt and obtaining a judgment permitting collection of that debt in the Prior Action." Def.'s Mot. for Summary J. 7.

## II.    Plaintiff cannot show that Defendant St. Charles violated Oregon law by unlawfully charging her interest

Defendant argues that, as a matter of law, Plaintiff cannot establish that St. Charles violated ORS 646A.677(7). Def.'s Mot. for Summary J 9. ORS 646A.677(7) states: "If a patient qualifies for financial assistance under ORS 442.614(1)(a)(A), a hospital, nonprofit hospital-affiliated clinic or other debt collector may not charge interest on the patient's medical debt." ORS 646A.677(7). ORS 646A.677(10) supplies a cause of action for unlawful debt collection under ORS 646A.677(7) and reads:

> It is an unlawful collection practice under ORS 646.639 for a hospital, hospital-affiliated clinic or other debt collector to collect or attempt to collect a medical debt in a manner that the hospital, hospital-affiliated clinic or other debt collector knows, or after exercising reasonable diligence would know, is in violation of this section.

ORS. 646A.677(10). Plaintiff cannot establish that St. Charles' referral of her debt to Ray Klein for collection qualifies as an "attempt to collect a medical debt" under 646A.677(7). Pl.'s Resp. in Opp'n to Summary J. 9. Plaintiff does, however, allege that Ray Klein is "a separate legal entity" from St. Charles and that "the debt was assigned entirely to Ray Klein." *Id.* at 6. "There is also no evidence in this record, and St. Charles does not argue, that it controlled the debt collection action that Ray Klein pursued." *Id.*

Plaintiff neglects to show how Defendants' assignor-assignee relationship makes St. Charles liable under a statute that, on its face, references the party unlawfully charging interest on a debt, not referring one for collection. Since St. Charles did not charge interest on Plaintiff's medical debt, its conduct does not fall within the meaning of the ORS 646A.677.

It might be a different story for Plaintiff if the statute provided a cause of action against entities who *referred* debt for collection by a third-party that charged interest. But that is not what the statute says. Plus, this Court has already declared that "collection" refers to the point when the unpaid medical bill is delinquent and the hospital, or its third party, can subject the patient to extraordinary collection activities. Op. & Order 14. Ray Klein undertakes collection activities on behalf of St. Charles. Crowl Decl. Def.'s Mot. for Summary J. Ex. A. It is therefore reasonable to deduce that Ray Klein as the debt collector-assignee, rather than St. Charles, knows whether Oregon law permits charging interest on Plaintiff's medical debt. For ORS 646A.677(7) and (10) to apply to St. Charles, the Court would have to construe the statute as assigning liability to entities that refer debt to collectors who charge interest when they should not. And Plaintiff fails to provide sufficient evidence for the Court to adjudge the statute as imposing vicarious liability on entities like St. Charles in circumstances such as these.

## <u>CONCLUSION</u>

Because Plaintiff's claim is precluded and because she fails to meet her burden to show a genuine issue for trial, Defendant's Motion for Summary Judgment, ECF No. 88, is **GRANTED.**

IT IS SO ORDERED.

DATED this 17th day of November 2025.


s/Michael J. McShane
_____

Michael J. McShane
United States District Judge
